MoKnsraranr, J.,
delivered the opinion of the court.
This was an action of trespass on the case, brought by Cunningham against Knott in the circuit court of Bedford. The plaintiff recovered judgment for one hundred and forty dollars damages; and to reverse this judgment an appeal in error has been prosecuted to this court.
The gravamen of the action is, that the defendant, *208 Knott, and one Smalling, in running their horses for a wager, upon the public highway, ran against the horse on which the plaintiff was riding, whereby the plaintiff was thrown from his horse, and greatly bruised and injured, and his horse was killed.
The defendant, among other pleas, pleaded that the plaintiff had brought an action against said Smalling, in the circuit court of Bedford, for the same identical cause of action; and at the August term, 1852, of said court, had recovered a verdict and judgment against said Small-ing for $145 60. And this judgment, the plea avers, remains in its full force, not “reversed, satisfied, or made void.”
The defendant also pleaded the statute of limitations, “not guilty of the supposed trespass within one year before the commencement of the action.”
To each of these pleas there was a demurrer, which were sustained: and in this, the supposed error consists. ■
1. The plea of the statute of '•'•one year'1'' cannot apply in this case. It is true, that on common law principles, the injury complained of' in the declaration constitutes the proper ground of an action of trespass vi et ar-mis, and not of trespass on the case. But by the act of 1850, ch. 141, the common law upon this subject is changed. It enacts: “ That in all cases where an action of trespass would lie, by the existing law, it shall be lawful to bring an action of trespass on the case, ox-trespass, at the election of the party.” Under this statute, the present action is brought in case. With reference to the statute of limitations, this is an important change in the law. By the act of 1715, ch. 27, § 5, the limitation depends on the form of the action. In *209 actions of trespass on the case, the period required to form the bar is three, years: Whereas, in an action of trespass vi et armis, for injuries to the person or personal property, the period is only one year. In this view, the plea of the statute of limitations of one year was improperly pleaded.
2. It is supposed the court erred in sustaining the demurrer to the plea, whieh sets up the recovery against S mailing, in bar of this action.
This plea assumes that, if an action be brought, and a judgment recovered against one of several persons who jointly committed a trespass, the judgment recovered in such case, without satisfaction, is a bar to an action against the others. And this doctrine is sanctioned by some of the authorities; but other authorities maintain, and upon sounder and more consistent principles, that a judgment against one joint trespasser, without satisfaction, is no bar to an action against a co-trespasser; and such is the settled course of decision in this State.
The law distinguishes between wrongs which, in their nature, may in legal contemplation be committed by several concurrently, and such as may not. The former, according to all the authorities, are regarded as sevei’al as well as joint; the wrong being in its nature the separate act of each individual.
The authorities relied upon in support of the plea, seem to hold, that if the plaintiff elects not to sue the the wrong doers jointly, he may single out any one of them, and sue him separately, and proceed to judgment and execution against him alone; but that this will preclude the plaintiff from proceeding against either of the *210 other parties. This doctrine proceeds upon the principle that, whether the action he against all, or only against one of the several wrong-doers, damages must be assessed commensurate with the entire injury sustained by the plaintiff: and that the judgment of itself, without regard to the question of satisfaction, constitutes a bar.
The more reasonable doctrine, on the other hand, is, that as each of the wrong-doers is- liable for his own act, separate actions may be brought at the same time, or successively, against each of the several trespassers: in each of which the plaintiff may proceed to judgment. But as he can claim or enforce only one satisfaction for the same injury, he must elect against which of the several he will proceed to execution for the satisfaction of. his damages. If the several assessments vary in amount, he may elect to take the larger sum, or if the defendants be not all solvent, he maj elect to proceed against the solvent party. And such election, followed by actual satisfaction of that particular judgment, will preclude the plaintiff from proceeding against either of the other defendants, upon the judgments recovered against them, except for the oosts in the respective cases, which he may enforce the collection of by execution.
In this view of the case, there is no error in the record, and the judgment will be affirmed.